UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN RE THE BIRTH OF HASSEN AZAMI | CASE NO. 21-5025 BHS<br><br>ORDER DENYING PETITION TO ESTABLISH FACT OF BIRTH |

This matter comes before the Court on Petitioner Hassen Azami's petition to establish fact of birth and motion to amend naturalization certificate. Dkt. 1.

Mr. Azami immigrated to the United States from Afghanistan in 2006 and became a United States citizen in 2011. *Id.* at 1, 3. He states that Afghanistan's calendar is the Solar Hijiri calendar, which runs differently than the Gregorian calendar used in the United States. Due to an error in calculating Mr. Azami's date of birth from the Solar Hijiri calendar to the Gregorian calendar, Mr. Azami states that the United States Citizenship and Immigration Services ("USCIS") incorrectly recorded his year of birth as 1967 and not 1957. *Id.* at 1–2. Mr. Azami now brings this petition to correct his date of birth from 1967 to 1957 and moves to amend his Naturalization Certificate. *Id.*

1   The Court is sympathetic to Mr. Azami's request but must deny his petition. In
2   light of statutory revisions to the immigration code, federal courts lack jurisdiction to
3   amend agency-issued naturalization certificates. *Yu-Ling Teng v. Dist. Direct, U.S.*
4   *Citizenship & Immigr. Services*, 820 F.3d 1106, 1109 (9th Cir. 2016). The Immigration
5   Act of 1990 explicitly vests the "sole authority to naturalize persons as citizens of the
6   United States" in the Attorney General, along with the power "to correct, reopen, alter,
7   modify, or vacate an order naturalizing the person." 8 U.S.C. §§ 1421(a), 1451(h). The
8   situation is different, however, for a naturalized citizen who holds a naturalization
9   certificate issued by a court before 1991. In such a scenario, a naturalized citizen's right
10  to petition for modification is governed by the pre-1990 Immigration Act, and a federal
11  court may exercise jurisdiction over a petition to modify a court-issued certificate of
12  naturalization. *Collins v. U.S. Citizen & Immigr. Services*, 820 F.3d 1096, 1100 (9th Cir.
13  2016).
14  In Mr. Azami's case, his naturalization certificate was issued in 2011 by USCIS.
15  *See* Dkt. 1 at 3. To correct his certification, federal regulations dictate that when "a
16  Certificate of Naturalization has been delivered which does not conform to the facts
17  shown on the application for naturalization, or a clerical error was made in preparing the
18  certificate, an application for issuance of a corrected certificate may be filed, without fee,
19  in accordance with the form instructions." 8 C.F.R. § 338.5(a). If USCIS finds that the
20  correction was justified, it shall issue the correction. *Id.* § 338.5(d).
21  Because of this regulatory scheme, the Ninth Circuit has held that federal courts
22  do not have subject matter jurisdiction over petitions to correct naturalization certificates.

1  *Teng*, 820 F.3d at 1111. As such, the Court does not have subject matter jurisdiction over

2  Mr. Azami's petition and cannot amend his USCIS-issued naturalization certificate nor

3  order USCIS to do so. His petition, Dkt. 1, is therefore **DENIED**. The Clerk is instructed

4  to close this case.

5      **IT IS SO ORDERED.**

6      Dated this 17th day of September, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3